FILED

2010 Nov-02  PM 04:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **BOBBY DALE CHOATE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.:  2:09-CV-2385-VEH** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner,** | ) | |
| **Social Security Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

Plaintiff Bobby Dale Choate ("Mr. Choate") brings this action pursuant to 42 U.S.C. § 216(i) of the Social Security Act.  He seeks review of a final adverse decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner" or "Secretary"), who denied his application for Disability Insurance Benefits ("DIB").  Mr. Choate timely pursued and exhausted his administrative remedies available before the Commissioner.  The case is ripe for review pursuant to 42 U.S.C. § 405(g), § 205(g) of the Social Security Act.

## FACTUAL AND PROCEDURAL HISTORY

Mr. Choate was a 49-year-old male at the time of his hearing before the administrative law judge (hereinafter "ALJ").  (Tr. 76, 19).  Mr. Choate obtained a

GED in 1992 and also attended three semesters at Bessemer State Technical College for computer science.  (Tr. 35).

Mr. Choate's past work experiences include employment as a truck driver and as a sales associate/manager. (Tr. 45-46). Mr. Choate claims that he became disabled on August 26, 2004.  (Tr. 76, 13).  Mr. Choate bases his disability claim on L3-4 degenerative disc disease with radicular pain and bilateral shoulder arthritis. (Tr. 13).

Mr. Choate  protectively filed a Title II application for a period of disability and DIB on May 12, 2006.  (Tr. 11, 56).  The DIB claim was denied initially on August 10, 2006.  (Tr. 57).  Mr. Choate timely filed a request for a hearing, which was received on September 25, 2006. (Tr. 11, 65).  The hearing before the ALJ was held on July 8, 2008. (Tr. 11, 19).  The ALJ concluded Mr. Choate was not disabled as defined by the Social Security Act and denied his DIB application on February 11, 2009.  (Tr. 11-18).

Mr. Choate filed a request for review of the ALJ's opinion on March 2, 2009. (Tr. 4-6).   On September 25, 2009, the Appeals Council denied review, which resulted in the final decision of the Commissioner being the ALJ's disability determination that was adverse to Mr. Choate.  (Tr. 1).

On November 24, 2009, Mr. Choate filed his complaint with this court asking for review of the Commissioner's decision. (Doc. 1).  On April 15, 2010, Mr. Choate

filed a brief (Doc. 10) in support of his appeal, and on May 11, 2010, the Commissioner filed his responsive brief.  (Doc. 11).  This court has carefully considered the record, and for the reasons stated below, affirms the Commissioner's denial of benefits.

## STANDARD OF REVIEW

The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales,* 402 U.S. 389, 390 (1971); *McRoberts v. Bowen,* 841 F.2d 1077, 1080 (11th Cir. 1988); *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1983); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239.  This court will determine that the ALJ's opinion is supported by substantial evidence if it finds "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id*.  Substantial evidence is "more than a scintilla, but less than a preponderance." *Id.*

## STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits and establish his entitlement for a period of disability, the claimant must be disabled as defined by the Social Security Act and the

Regulations promulgated thereunder.[1]  The Regulations define "disabled" as the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months."  20 C.F.R. § 404.1505(a).  To establish an entitlement to disability benefits, a claimant must provide evidence of a "physical or mental impairment" which "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques."  20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled.  20 C.F.R. § 404.1520(a)(4)(i-v).  The Commissioner must determine in sequence:

(1)   whether the claimant is currently employed;
(2)   whether the claimant has a severe impairment;
(3)   whether the claimant's impairment meets or equals an impairment listed by the Secretary;
(4)   whether the claimant can perform her past work; and
(5)   whether the claimant is capable of performing any work in the national economy.

_____

[1]   The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499,  as current through September 16, 2010.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to former applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel,* 189 F.3d 561 (7th Cir. 1999); *accord, McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).   "Once the claimant has satisfied steps one and two, she will automatically be found disabled if she suffers from a listed impairment.  If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the Secretary to show that the claimant can perform some other job."  *Pope*, 998 F.2d at 477; *accord*, *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995).  The Commissioner must further show that such work exists in the national economy in significant numbers.  *Foote*, 67 F.3d at 1559.

## FINDINGS OF THE ADMINISTRATIVE LAW JUDGE

The ALJ found Mr. Choate had not engaged in substantial gainful activity since the alleged onset of his disability on August 26, 2004.  (Tr. 13 ¶ 2). Thus, the claimant satisfied step one of the five-step test.  20 C.F.R. § 404.1520(b).

Under step two, the ALJ concluded that "[t]he claimant has the following severe impairments:  L3-4 degenerative disc disease with radicular pain and bilateral shoulder arthritis[.]"[2]   (Tr. 13 ¶ 3 (citations omitted)).   Accordingly, the ALJ

---

[2] The ALJ also mentioned Mr. Choate's carpal tunnel syndrome, but concluded that the condition did not result in "any work-related limitations of function, and [wa]s non-severe."  (Tr. 13 ¶ 3).

concluded that Mr. Choate satisfied the second step of the sequential disability evaluative process.  20 C.F.R. § 404.1520(c).

At step three, the ALJ determined that Mr. Choate did not have an impairment or a group of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Tr. 13 ¶ 4).  Mr. Choate does not dispute this finding on appeal.

The ALJ then evaluated Mr. Choate's residual functional capacity ("RFC") at step four, and the claimant was found to have the ability to:

> [L]ift and carry twenty pounds occasionally and ten pounds frequently. The claimant can stand or walk for about six hours per eight-hour workday and can sit for six hours per workday.  The claimant must change position and alternative between sitting and standing as needed. He can only occasionally engage in overhead reaching and must avoid all exposure to unprotected heights.

(Tr. 14 ¶ 5).  The ALJ later explained concerning Mr. Choate's RFC that "[w]hen giving the claimant the full benefit of the doubt, the undersigned also finds that his pain prevents the claimant from performing anything other than a limited range of light exertional activities."  (Tr. 16).

The ALJ further found that the "claimant is unable to perform any past relevant work[.]"  (Tr. 16 ¶ 6 (citation omitted)).  Because of the ALJ's finding that Mr. Choate had no past relevant work experience, it was necessary to continue to step five

of the sequential analysis. (Tr. 16-17). Factoring in the Medical-Vocational Guidelines as a framework, and relying upon testimony from the vocational expert, the ALJ determined that Mr. Choate was capable of performing "sedentary unskilled occupations such as general clerk, receptionist and cashier and sedentary semi-skilled computer worker." (Tr. 17).

Also in reliance upon the vocational expert's testimony, the ALJ concluded that "considering the claimant's age, education, work experience, and residual functional capacity, the claims is capable of making a successful adjustment to other work that exists in significant numbers in the national economy." (Tr. 17). Accordingly, the ALJ decided that Mr. Choate was not disabled as defined by the Social Security Act, and denied his DIB claim. (Tr. 17 ¶ 11, 17-18).

## ANALYSIS

The court can reverse a finding of the Secretary if it is not supported by substantial evidence. 42 U.S.C. § 405(g). "This does not relieve the court of its responsibility to scrutinize the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding." *Walden v. Schweiker*, 672

F.2d 835, 838 (11th Cir. 1982) (citing *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980)).[3]

In this appeal, Mr. Choate contends that the ALJ erred in his application of the pain standard.  (Doc. 10 at 13-19).  More specifically, Mr. Choate maintains that "the ALJ has completely ignored the evidence of continuing limitations due to pain, and the possible side effects of strong narcotic medication Plaintiff is forced to consume in an effort to reduce his pain."  (Doc. 10 at 14).

## I.   THE ALJ EVALUATED THE CREDIBILITY OF MR. CHOATE'S SUBJECTIVE COMPLAINTS OF DISABLING PAIN UNDER THE APPROPRIATE LEGAL STANDARD, AND THE DECISION IS SUPPORTED BY SUBSTANTIAL EVIDENCE.

In order to satisfy the Eleventh Circuit pain standard, Mr. Choate must prove "evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can reasonably be expected to give rise to the alleged pain."  *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986) (citing *Hand v. Heckler*, 761 F.2d 1545, 1548 (11th Cir. 1985)). Further, "[w]hile both the regulations and the *Hand* standard require objective

---

[3]  In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

medical evidence of a condition that could reasonably be expected to cause the pain alleged, neither requires objective proof of the pain itself." *Elam v. Railroad Retirement Bd.*, 921 F.2d 1210, 1215 (11th Cir. 1991) (emphasis added).

In this case, the ALJ determined that Mr. Choate had not met his burden. More specifically, the ALJ explained:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent that they are inconsistent with the above residual functional capacity assessment.
>
> The objective medical evidence indicates that the claimant suffers for L3-4 degenerative disc disease with radicular pain and bilateral shoulder arthritis, but the claimant's treatment-seeking history, diagnostic test results, clinical signs, symptoms, medications, and other prescribed treatment demonstrate that the claimant is able to perform some physical work activities.

(Tr. 14-15 (emphasis added)).

In *Wilson v. Barnhart*, the Eleventh Circuit reversed the district court's decision that the ALJ improperly applied the pain standard and found that the ALJ's decision was supported by substantial evidence because "the ALJ made a reasonable decision to reject Wilson's subjective testimony, articulating, in detail, the contrary evidence as his reasons for doing so." *Wilson v. Barnhart*, 284 F.3d 1219, 1226 (11th

Cir. 2002).  As the Eleventh Circuit discussed the ALJ's adequate credibility findings

in *Wilson*:

> Moreover, the ALJ specifically enunciated the following findings:
>
> On or before December 31, 1987, [the date last insured,] there is no objective clinical evidence of a condition which could reasonably be expected to produce the level of pain, lack of balance, numbness, weakness, lack of bowel control, fatigue, frequent need to eat, frequent need for bowel movements, headaches, need for additional rest during the day, or other symptoms which [Wilson] alleges precluded him from working. <u>Such allegations are also inconsistent with activities of daily living, limited use of pain medication and effectiveness of treatment, and therefore are not found credible to the extent claimant was precluded from working.</u>
>
> Substantial evidence in the record supports the ALJ's finding, as the medical and other evidence simply was not consistent with Wilson's alleged disabling pain.  The evidence shows that from December 1986, a year prior to Wilson's date last insured, through 1992, Wilson made visits for regular vitamin B12 shots, received treatment for a rash, had moles removed, and had an isolated instance of testicular enlargement. <u>It does not appear that Wilson complained of pain associated with the injuries received from his accident any time past his date last insured. Thus, Wilson cannot establish that he continuously met the pain standard from on or before December 31, 1987, his date last insured, to within one year of his application date.</u>

*Id.*, 284 F.3d at 1226 (emphasis added).

Akin to the standard set forth in *Wilson*, the ALJ's partial negative credibility

finding in this instance is supported by substantial evidence contained in the record.

For example, in arriving at the conclusion that Mr. Choate is capable of performing

a reduced range of light work as opposed to being able to handle the more demanding exertional level of medium work as suggested by Dr. Alvin Stinson ("Dr. Stinson") (Tr. 15, 200-01, 210-15, 227) and Dr. Michael Scott Kendrick ("Dr. Kendrick") (Tr. 16, 46-47), the ALJ fully acknowledged Mr. Choate's subjective complaints about his pain and factored in their effects on his ability to work when determining his appropriate exertional level. (Tr. 16 ("When giving the claimant the full benefit of the doubt, the undersigned also finds that his pain prevents the claimant from performing anything other than a limited range of light exertional activities.") (emphasis added)).

Moreover, the ALJ added further restrictions to Mr. Choate's RFC due to his shoulder pain. Specifically, the ALJ found that "[d]ue to shoulder pain, [Mr. Choate] can only occasionally engage in overhead reaching and must avoid all exposure to unprotected heights to prevent further injury." (Tr. 16). Therefore, Mr. Choate's position that the ALJ "completely ignored the evidence of continuing limitations due to [his] pain" (Doc. 10 at 14) is directly refuted by the express language contained in the ALJ's opinion and is not well-taken.

Additionally, there are several examples of activities and hobbies in the record which Mr. Choate indicated that he is still able to do that are inconsistent with a degree of pain that would entirely prevent him from working. As the ALJ observed,

11

Mr. Choate  "admitted [during the hearing] that he drives, walks, does laundry and vacuums, with some pain."  (Tr. 14; *see also* Tr. 36 ("I try to do some of the houswork since I'm at home all the time, which consists of doing some laundry, or I can vacuum a room, say, today and then tomorrow do another room, either that or I'm just walking around outside, you know, looking at the tomato plants and just more or less trying to move."); Tr. 39-40 (Mr. Choate's testifying about shopping, walking, gardening, and driving)).  Similarly, according to Dr. Kendrick's deposition testimony, Mr. Choate indicated, when filling out his medical intake form there, a range of activities that he is still able to do despite his pain including some yard work, limited fishing, minimal walking, limited bush hogging, and occasional household duties.  (Tr. 376-77).

Also bolstering the ALJ's partially adverse credibility determination is Mr. Choate's subjective report made in conjunction with the functional capacity evaluation performed on him on January 7, 2005, that "pain medications or using a[n] ice and/or heat pad provides the most relief for his pain."  (Tr. 272; *see also* Tr. 15 "The claimant continued to visit Dr. Stinson, with slight improvement in his pain and underwent a functional capacity evaluation in January 2005.")).  Similarly, in October 2007, Mr. Choate indicated to Dr. Kendrick that "he had followed the prescribed treatment plan [for pain] <u>without variation</u>" and that "[h]e experienced <u>no side effects</u>

12

with his treatment." (Tr. 343 ("emphasis added")).  Furthermore, Mr. Choate has not established that, subsequent to October 2007, his pain management regimen became unworkable due to the impact of the negative side effects from his prescribed medications.  Against this backdrop, Mr. Choate's contention on appeal that the ALJ improperly failed to consider the possible side effects of his pain medications is likewise without merit.  (Doc. 10 at 14).

Therefore, consistent with the foregoing analysis, the ALJ articulated specific and sufficient reasons for doubting the degree of Mr. Choate's subjective testimony, and substantial evidence supports his partial negative finding as to Mr. Choate's credibility.  Alternatively, even if the ALJ erred in not providing adequate details in his decision for discrediting Mr. Choate, such error was harmless because the record on the whole, including in particular Mr. Choate's reported activities and hobbies that are in conflict with his alleged degree of subjective symptoms as well as his indication that the side effects from his prescribed pain medications pose no problems for him, provides substantial evidence for discounting Mr. Choate's subjective pain symptoms.

## CONCLUSION

Based upon the court's evaluation of the evidence in the record and the submissions of the parties, the court finds that the Commissioner's final decision is

supported by substantial evidence and applies the proper legal standards.

Accordingly, the decision of the Commissioner will be affirmed by separate order.

 **DONE** and **ORDERED** this the 2nd day of November, 2010.


**VIRGINIA EMERSON HOPKINS**
United States District Judge